NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**UNIVERSAL ELECTRONICS, INC.,**
*Appellant*

**v.**

**ROKU, INC.,**
*Appellee*

---

2024-1856

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2022-01289.

---

Decided: May 13, 2026

---

BENJAMIN GILFORD, Greenberg Traurig LLP, Chicago, IL, argued for appellant. Also represented by GARY R. JAROSIK, JAMES J. LUKAS, JR.

SCOTT ANTHONY MCKEOWN, Wolf, Greenfield & Sacks, PC, Washington, DC, argued for cross-appellant. Also represented by ELIZABETH DIMARCO; JOHN W. CUSTER, Boston, MA.

---

Before PROST, SCHALL, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

Universal Electronics, Inc. appeals the final written decision of the Patent Trial and Appeal Board determining that claims 1–6, 12, and 15–18 of U.S. Patent No. 9,847,083 are unpatentable under 35 U.S.C. § 103 in view of prior art asserted in an *inter partes* review petition filed by Roku, Inc. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A). On appeal, UEI challenges the Board's determination that the challenged claims of the '083 patent would have been obvious based on the construction of the term "the provisioned codeset record comprising protocol and formatting information." For the following reasons, we affirm the Board's decision.

I

The sole issue on appeal is whether the Board erred in its construction of the term "the provisioned codeset record comprising protocol and formatting information."[1] Claim construction is ultimately a question of law reviewed de novo. *Intel Corp. v. Qualcomm Inc.*, 21 F.4th 801, 808 (Fed. Cir. 2021). "When construing claim terms, we first look to, and primarily rely on, the intrinsic evidence, including the claims themselves, the specification, and the prosecution history of the patent . . . ." *Sunovion Pharms., Inc. v. Teva Pharms. USA, Inc.*, 731 F.3d 1271, 1276 (Fed. Cir. 2013) (first citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (en banc); and then citing *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)). "We review any determinations involving extrinsic evidence for substantial evidence . . . ." *In*

---

[1] Roku originally filed a cross-appeal, *Roku, Inc. v. Universal Electronics, Inc.*, No. 24-1916, but withdrew it after we issued an order asking the parties to address whether Roku had Article III standing. ECF Nos. 55, 56.

*re CSB-Sys. Int'l, Inc.*, 832 F.3d 1335, 1340 (Fed. Cir. 2016) (citation omitted).

UEI argues that the proper construction of "the provisioned codeset record comprising protocol and formatting information" requires all the protocol and formatting information to be "contained and stored in the provisioned codeset record itself" and "used for transmitting a command communication." Appellant's Br. 17–19, 27. UEI also argues that the proper construction of the term "information" in "protocol and formatting information" is "a set of procedures." Appellant's Br. 19. UEI contends that under the proper construction of the term, the asserted prior art does not disclose this claim limitation because the asserted prior art discloses a codeset record that contains a signal type (e.g., IR signal), which UEI contends is not "protocol and formatting information." Appellant's Br. 27–34.

The Board considered and rejected UEI's proposed construction. In its analysis, the Board determined that there was "no basis to replace the term 'information' in 'protocol and formatting information' with 'a set of procedures.'" J.A. 20. Based on the intrinsic and extrinsic evidence, the Board construed "protocol and formatting information" to mean "information needed to transmit a signal from one device to another in a way that the receiving device can make sense of and use the signal." J.A. 21. After reviewing the parties' arguments and the intrinsic and extrinsic evidence, we agree with the Board's construction for the following reasons.

First, the claim language is broad, stating only that some but not all "protocol and formatting information" be contained in the codeset record. Claim 1 of the '083 patent is representative, and the relevant limitation states: "the provisioned codeset record comprising protocol and formatting information." U.S. Patent No. 9,847,083 col. 11 ll. 59–60. The claim limitation only states that the provisioned codeset record comprises the protocol and formatting

information.  Nothing in the claim language requires that all the protocol and formatting information be contained in the codeset record.  Additionally, the claim language does not define or limit the protocol and formatting information to a "set of procedures."

Nor does the specification suggest that all of the protocol and formatting information must be in the codeset record.  The specification states:

> [E]ach [codeset] record . . . may comprise a unique codeset identity number, a block of protocol and formatting information . . . which may describe the physical protocol requirements for transmitting the command data elements which comprise this codeset, including for example items such as carrier frequency, bit encoding, data frame size and structure, appliance address, parity or CRC requirements, etc.

*Id.* at col. 10 ll. 47–54.  The language in the paragraph above only states that the codeset record "may comprise . . . protocol and formatting information," indicating that some protocol and formatting information may be stored elsewhere.  However, there is no language in the paragraph above or elsewhere in the specification that requires that all the protocol and formatting information be stored in the codeset record.  Additionally, like the claim language, the specification does not limit "protocol and formatting information" to a "set of procedures."  The specification only states that the "protocol and formatting information . . . *may describe* the physical protocol requirements for transmitting the command data elements which comprise this codeset."  *Id.* at col. 10 ll. 49–51 (emphasis added).  The specification lists exemplary "protocol and formatting information"—including carrier frequency, bit encoding, etc.—but these examples likewise do not limit the term to a "set of procedures."

Turning to the extrinsic evidence, UEI argues that the Board's construction is inconsistent with the testimony of Roku's expert, Mr. McNair. Appellant's Br. 23–24. But Mr. McNair simply testified that the phrase "protocol and formatting information" may include "physical protocol requirements for transmitting the command data." J.A. 2423–24 (McNair Dep. 32:8–33:21). Additionally, while Mr. McNair testified that the standard meaning of "protocol" is "a set of procedures," Mr. McNair did not suggest or admit that "protocol and formatting information" as recited in the claim refers to a "set of procedures." J.A. 2427 (McNair Dep. 36:10–21). We see no error in the Board's finding that Mr. McNair's testimony did not support UEI's proposed construction.

We therefore adopt the Board's construction of "the provisioned codeset record comprising protocol and formatting information." Because we adopt the Board's construction, we affirm the Board's determination that the challenged claims of the '083 patent would have been obvious at the time of the invention.

II

We have considered UEI's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's decision that the challenged claims of the '083 patent would have been obvious.

**AFFIRMED**